IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREG CARIGNAN, :
    Plaintiff :
 :
vs. : CIVIL NO. 1:CV-10-1792
 :
TAX CLAIM BUREAU OF :
CUMBERLAND COUNTY,
DOBSON FAMILY PARTNERSHIP, :
    Defendants

*M E M O R A N D U M*

I. *Introduction*

    The pro se plaintiff, Gregg Carignan, filed this civil-rights lawsuit alleging that the defendant, the Tax Claim Bureau of Cumberland County, violated his federal rights to due process and equal protection when it sold his property at a sheriff's sale for unpaid property taxes. Plaintiff unsuccessfully challenged the sale through the state courts, including the Pennsylvania Supreme Court. Plaintiff essentially seeks injunctive relief setting aside the tax sale and reinstating his ownership rights. Also named as a defendant is the Dobson Family Partnership, which purchased the property at the sale.

    The Dobson Family Partnership has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), asserting that we lack jurisdiction over the case under the *Rooker-Feldman* doctrine. Plaintiff has not opposed the motion, but we agree with Defendant and will dismiss this case for lack jurisdiction.

II.  *Background*

In his original one-page complaint, filed on August 25, 2010, Plaintiff alleges that the Bureau violated his rights to due process and equal protection when it deprived him of his property by taking "an unperfected lien/claim to sell his property without having also complied with Pa. statutes of notification." (Doc. 1, Compl., ¶ 2/3). Plaintiff also avers that he took the "case through the process to appeal the sale" but that the Pennsylvania courts ignored his meritorious claims.  (*Id.*).

The sale was authorized under the Pennsylvania Real Estate Tax Sale Law.  72 Pa. Stat. Ann. §§ 5860.101-5860.803 (West 1990 & Supp. 2010).  Under the act, after a claim has been made for unpaid taxes, and the property owner has failed to contest the claim, the Bureau may sell the property at a tax sale, after giving the notice required by the act.  *Id.* § 5860.601 (Supp. 2010) and § 5860.601 (West 1990).  After the sale, the Bureau must make a "consolidated return to the court of common pleas."  *Id.* § 5860.607(a)(West 1990).  Among other things, the return reports on the successful sales of any property.  *Id.*  If the sales were made in accordance with the act, "the consolidated return and the sales so made shall be confirmed nisi" by the common pleas court.  *Id.* Notice of the sale must be given to the owner, who has thirty days after the confirmation to file exceptions with the court.  *Id.* § 5860.607(a.1)(1).

In accord with the act, Plaintiff filed exceptions to the sale in the common pleas court.  As relief, his original complaint essentially seeks an injunction transferring the property back to him.  More specifically, he asks that we set aside the tax sale and reinstate his ownership rights.

Plaintiff is proceeding in forma pauperis, and we required him to file an amended complaint providing more information on his claim.  We also required him to

attach to the amended complaint copies of any state-court opinions or orders that dealt with his claims.[1]

Plaintiff complied and filed an amended complaint, attaching copies of the trial court's opinion of July 15, 2008, and the opinion of the Pennsylvania Commonwealth Court of August 25, 2009, both denying him relief. He also alleges that the Pennsylvania Supreme Court refused to hear an appeal.[2] In his amended complaint, Plaintiff makes the following claims: (1) the Bureau made no reasonable effort to find him after its first unsuccessful notice on July 9, 2007, of its intent to sell his property for unpaid 2005 property taxes; (2) Plaintiff had an appeal pending of the 2005 tax assessment of his property, and the Bureau could not sell the property while that appeal was pending; and (3) the September 4, 2007, second notice of the tax sale was insufficient because, although it was sent to the correct address, Plaintiff was out of town and did not receive it until after the sale. Review of the state-court opinions shows that these claims were raised before the state courts and rejected by them. In his amended complaint, Plaintiff's only prayer for relief is that he be allowed to proceed with his case.

III. *Discussion*

Defendant Dobson Family Trust argues that the case must be dismissed because the *Rooker-Feldman* doctrine deprives us of jurisdiction. As the Supreme Court

---

[1] Like the moving defendant, we perceived a *Rooker-Feldman* issue and requested the state-court filings to ascertain our jurisdiction.

[2] The supreme court also denied reconsideration on July 23, 2010 *See In re Return and Report of an Upset Tax Sale*, 11 MM 2010 (Pa. June 14, 2010 and July 23, 2010).

recognized in *Rooker* and *Feldman*,³ federal district courts do not generally have the authority to conduct appellate review of state-court judgments. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). To determine if a particular case is an attempt at such review, the following four factors must be present:

> (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

615 F.3d at 166 (quoted case omitted). The first and the third requirements are the easiest to determine and are satisfied here. Plaintiff lost in state court, and the state court rulings were made before he filed this federal suit. As the Third Circuit observed in *Great W. Mining & Mineral Co.*, "[t]he second and fourth requirements are the key [ones] to determining whether a federal suit presents an independent, non-barred claim." *Id*. at 166.

Both of these requirements are satisfied as well. As to the second requirement, it may appear that Plaintiff is not complaining about injury caused by a state-court judgment since he makes allegations directed at the Bureau, that, among other things, the Bureau sold his property without giving him proper notice. It may appear then that the state courts may simply have "'ratified, acquiesced in, or left unpunished'" this conduct, *id.* at 167 (quoted case omitted), which is not enough to establish that the injury was caused by the state-court rulings. *Id.* However, it is crucial in this case that the Bureau had to submit the sale to the common pleas court for confirmation and from there Plaintiff had the right to file exceptions. In these

---

³ The two cases from which the doctrine takes its name: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

circumstances, he is really complaining about injury from the state-court judgments as the sale needed confirmation by the common pleas court. See *Holt v. Lake County Bd. of Commissioners*, 408 F.3d 335, 336 (7th Cir. 2005)(federal lawsuit challenging sale of property for unpaid taxes, as well as court order authorizing it, barred by *Rooker-Feldman* doctrine as the "injury was caused by the state court judgments upholding the tax sale and evicting [the plaintiff] from his property, also observing that "absent the state court's judgment evicting him from his property, [the plaintiff] would not have the injury he now seeks to redress"). The Seventh Circuit's approach was quoted with approval by the Third Circuit in *Turner v. Crawford Square Apartments III*, *L.P.*, 449 F.3d 542, 547 (3d Cir. 2006). *See also Reisinger v. Luzerne County*, 712 F. Supp. 2d 332, 349 (M.D. Pa. 2010)("whatever arguments Plaintiff were to make, he cannot get around the fact that but for the state court decisions affirming the propriety of the Tax Claim Bureau's sale of his property, he would have no injury upon which to base his federal claim")(citing *Holt*).

      As to the fourth requirement, that one is satisfied because Plaintiff is inviting the district court to review and reject the state judgments. "What this requirement targets is whether the plaintiff's claims will require appellate review of state-court decisions by the district court. Prohibited appellate review 'consists of a review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law.'" *Great W. Mining & Mineral Co.*, 615 F.3d at 169 (quoting *Bolden v. City of Topeka,* 441 F.3d 1129, 1143 (10th Cir. 2006)). Such prohibited appellate review is typically present when the plaintiff seeks "to have the state-court decisions undone or declared null and void by the federal courts." *Id.* at 173 (citing *Rooker* and *Feldman*). Here, while Plaintiff is not directly asking us to vacate the state-court judgments, he is seeking injunctive relief setting aside the tax sale and reinstating

5

his ownership rights.  If granted, the requested relief would "effectively overrul[e] the state-court judgments," *id.*, so the fourth requirement is satisfied.

We will therefore dismiss this case for lack of jurisdiction.

                                                    /s/William W. Caldwell
                                                    William W. Caldwell
                                                    United States District Judge

Date: December 10, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREG CARIGNAN, : | |
| Plaintiff : | |
| : | |
| vs. : | CIVIL NO. 1:CV-10-1792 |
| : | |
| TAX CLAIM BUREAU OF : | |
| CUMBERLAND COUNTY, | |
| DOBSON FAMILY PARTNERSHIP, : | |
| Defendants | |

*O R D E R*

AND NOW, this 10th day of December, 2010, upon consideration of the motion (doc. 12) to dismiss of defendant Dobson Family Trust, it is ordered that:

1. The motion is granted.

2. The complaint is hereby dismissed for lack of jurisdiction.

3. The Clerk of Court shall close this file.

    /s/William W. Caldwell
William W. Caldwell
United States District Judge